UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$15,000 in US Currency, )<br>)<br>Defendant. )<br>)<br>*Claimant: Calif Smyer* )<br>_____ ) | C/A No.: 4:09-cv-1509-TLW<br><br><br><br>**ORDER** |

This matter comes before the Court on Calif Smyer's pro se motion filed pursuant to Federal Rule of Civil Procedure 60(b) seeking to set aside a March 2012 in rem forfeiture order concerning $15,000 in drug proceeds seized from him by the Government. ECF No. 74.

On June 9, 2009, the Government initiated this action by filing a complaint for forfeiture in rem. ECF No. 1. The complaint concerned $15,000 in United States currency that was seized on January 8, 2009, by officers of the Florence County Sheriff's Office. The currency was subsequently transferred to the United States Drug Enforcement Administration ("DEA"), and to the United States Marshals Service. The DEA referred the matter to the United States Attorney for judicial forfeiture proceedings. The complaint alleged, inter alia, that the currency was subject to forfeiture pursuant to 21 U.S.C. § 881 (a)(6).

Through counsel, Smyer made a claim against the currency and opposed the forfeiture. ECF No. 6. Ultimately, however, the Court concluded that Smyer's claim was moot because even if he were to prevail on his claim, he would not receive the funds at issue since any recovery would

be applied to a $15,000 criminal fine imposed in a related case.[1] ECF No. 64. Accordingly, on March 23, 2012 the Court granted a judgment in favor of the Government. ECF No. 71.

Four years later in April 2016, Smyer filed this motion asserting that the March 2012 judgment should be set aside because he was not given an opportunity to contest or defend this action. ECF Nos. 74, 74-1. Smyer is presently incarcerated and he asserts he did not learn of the judgment until February 2016 when a relative inquired concerning the status of the case with the Clerk of Court. He asserts he was unable to research the issue himself as he was confined to the Special Housing Unit for much of this time. ECF No. 76 at 4.

The Government filed a detailed brief opposing Smyer's motion. ECF No. 75. This brief explains that Smyer's motion is untimely and fails to satisfy any ground for relief under Rule 60(b). Moreover, the Government notes that Smyer was represented by counsel throughout this proceeding and, thus, had every opportunity to contest the forfeiture.

The Court has carefully reviewed the briefs and documents filed by the parties and concludes that, for the reasons stated in the Government's brief, there is no basis to set aside the judgment pursuant to Rule 60(b). Smyer's motion is not only untimely as it comes four years after the judgment was entered, it also fails to demonstrate that he has a viable claim to the currency— as noted, the Court concluded Smyer's claim was moot in 2012. ECF Nos. 64, 71. Therefore, Smyer's motion to set aside the judgment is denied.

**IT IS SO ORDERED**.

*s/Terry L. Wooten*
Chief United States District Judge

December 5, 2016
Columbia, South Carolina

---

[1] On November 30, 2010, Smyer was sentenced to 120 months imprisonment in the matter of United States v. Kalif Smyer, Cr. No. 4:09-224-RBH. At that sentencing, Smyer was fined in the amount of $15,000, due immediately. ECF No. 91 (criminal docket).